CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

MARCELA CARDOSO, on behalf of herself
and others similarly situated,

                        Plaintiff,

    -against-

STUDIO 34 HAIR SALON, INC.,
STUDIO 34 SALON INC., GARIK RAKHAMIMOV,
and NASIBA AZIZBEKOVA,

                        Defendants.

-------------------------------------------------------------------------X

Case No. 19-CV-9684

FLSA COLLECTIVE
ACTION COMPLAINT

        Plaintiff, MARCELA CARDOSO ("Plaintiff"), on behalf of herself and other similarly situated employees, by and through her undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants STUDIO 34 HAIR SALON, INC. ("STUDIO 34 HAIR"),   STUDIO 34 SALON INC. ("STUDIO 34 SALON") (collectively, the "Corporate Defendants"), GARIK RAKHAMIMOV, and NASIBA AZIZBEKOVA (collectively, the "Individual Defendants") (the Corporate Defendants and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), she is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day Plaintiff's work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff is a resident of Queens County, New York.

6.     Defendant, STUDIO 34 HAIR, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 1225 Third Avenue, New York, New York 10021.

2

7.      Defendant, STUDIO 34 HAIR, owns and operates a hair salon doing business as "Studio 34 Hair Salon," located at 1225 Third Avenue, New York, New York 10021 (the "Third Avenue Salon").

8.      In 2017, Defendant, STUDIO 34 HAIR, owned and operated a hair salon doing business as "Studio 34 Hair Salon," located at 201-A East 34th Street, New York, New York 10016 (the "34th Street Salon").

9.      Sometime after 2017, Defendant, STUDIO 34 HAIR ceased operations of the 34th Street Salon and opened the Third Avenue Salon.

10.     Defendant, STUDIO 34 SALON, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 250 East 40th Street, New York, New York 10016.

11.     Defendant, STUDIO 34 SALON, owns and operates a hair salon doing business as "Studio 34 Hair Salon," located at 250 East 40th Street, New York, New York 10016 (the "40th Street Salon").[1]

12.     Defendant, GARIK RAKHAMIMOV, is the President and Chief Executive Officer of the Corporate Defendants and, as such, is the owner, shareholder, director, supervisor, managing agent, and proprietor of the Hair Salons, who actively participated in the day-to-day operation of the Hair Salons and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

---

[1] The 34th Street Salon and the 40th Street Salon are collectively referred to herein as the "Hair Salons."

3

13.     Defendant, NASIBA AZIZBEKOVA, is the General Manager and supervisor of the Hair Salons and, as such, is one of the directors, supervisors, and managing agents who actively participates in the day-to-day operation of the Hair Salons and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

14.     The Individual Defendants exercise control over the terms and conditions of the employees of the Hair Salons, in that they have the authority and power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

15.     At least within each of the three (3) most recent years relevant to the allegations herein, defendant STUDIO 34 HAIR was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

16.     At least within each of the three (3) most recent years relevant to the allegations herein, defendant STUDIO 34 SALON was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or

4

that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

17.     Defendants employed Plaintiff to work as a non-exempt receptionist at the 34th Street Salon from in or about June 2017 until on or about December 17, 2017.

18.     Defendants often directed Plaintiff to work in the same capacity at the 40th Street Salon on an as-needed basis.

19.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

20.     Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

21.     Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

22.     Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

23.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

24.     The Individual Defendants actively participate in the day-to-day operation of the Hair Salons. For instance, the Individual Defendants jointly: (a) decide when and who to hire and fire; (b) supervise and direct the work of the employees; and (c) instruct the employees how to perform their jobs.

25.     The Individual Defendants also jointly create and implement all crucial business policies, and jointly make decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

26.     The Corporate Defendants are associated as a single enterprise, utilizing Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the business operated by the Defendants.

27.     The Corporate Defendants each engage in related activities, namely, providing hair styling and beauty services to the general public for profit. The Corporate Defendants shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and are under common control.

28.     The Corporate Defendants are controlled by the same owner or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

29.     In or about June 2017, Defendant hired Plaintiff to work as a non-exempt receptionist at the 34th Street Salon.

30.     Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

6

31.    Defendants often instructed and directed Plaintiff to work in the same capacity at the 40th Street Salon on an as-needed basis.

32.    Plaintiff continuously worked at the Hair Salons in that capacity until on or about December 17, 2017.

33.    Plaintiff worked over forty (40) hours per week.

34.    Throughout the entirety of her employment, Plaintiff normally worked five (5) days per week, and her work schedule consisted of eleven (11) hours per day Wednesday through Sunday from 9:00 a.m. until 8:00 p.m., and sometimes later.

35.    Plaintiff would occasionally work six (6) days in a week.

36.    Plaintiff was not provided with a break during the workday.

37.    Plaintiff was not required to punch a time clock or other time-recording device at the start and end of her daily work shift.

38.    During the first two (2) weeks of Plaintiff's employment, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, despite working, at a minimum of fifty-five (55) hours per week, Plaintiff was not paid any wages whatsoever. Plaintiff not only failed to receive statutorily required minimum wages, work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

39.    Thereafter, and continuing through the remainder of her employment on or about December 17, 2017, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, partly by check and partly in cash, at the rate of $603 per week straight time for all hours worked, and worked fifty-five (55) hours per week, and sometimes more. Work performed above forty (40) hours per week

7

was not paid at the statutory rate of time and one-half as required by state and federal law.

40.     At no time during her employment did Defendants provide Plaintiff with a weekly wage statement, which identified Plaintiff's gross wages, deductions, and net wages.

41.     Defendants knowingly and willfully operate their business with a policy and practice of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

42.     Defendants knowingly and willfully operate their business with a policy and practice of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

43.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that their work shift exceeds ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

44.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff brings this action individually and as class representative on behalf of herself and all other current and former non-exempt employees who have been

8

or were employed by Defendants between October 21, 2016 and the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

46. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

47. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

48. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a

practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

49.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

50.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.   Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

> a.     Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;
>
> b.     Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;
>
> c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;
>
> d.     Whether Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;

e. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

51. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

52. Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

53. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

56.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, Defendant STUDIO 34 HAIR has had gross revenues in excess of $500,000.

57.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, Defendant STUDIO 34 SALON has had gross revenues in excess of $500,000.

58.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, the Corporate Defendants have jointly had gross revenues in excess of $500,000.

59.     Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

60.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

61.     Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

62.     Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

63.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

64.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

66.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

67.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

13

68.     As a direct and proximate result of Defendants' violation of the FLSA,

Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant

to the FLSA.

69.     Due to Defendants' reckless, willful and unlawful acts, Plaintiff and the

Collective Action Members suffered damages in an amount not presently ascertainable of

unpaid minimum wages and unpaid overtime compensation, an equal amount as

liquidated damages, and prejudgment interest thereon.

70.     Plaintiff and the Collective Action Members are entitled to an award of

their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## [Violation of the New York Labor Law]

71.     Plaintiff re-alleges and re-avers each and every allegation and statement

contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72.     Defendants employed Plaintiff within the meaning of New York Labor

Law §§ 2 and 651.

73.     Defendants knowingly and willfully violated Plaintiff's rights by failing to

pay Plaintiff minimum wages in the lawful amount for hours worked.

74.     Defendants knowingly and willfully violated Plaintiff's rights by failing to

pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked

in excess of forty (40) hours in a workweek.

75.     Employers are required to pay a "spread of hours" premium of one (1)

additional hour's pay at the statutory minimum hourly wage rate for each day where the

spread of hours in an employee's workday exceeds ten (10) hours. New York State

Department of Labor Regulations § 142-2.4.

14

76.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay a "spread of hours" premium to Plaintiff for each day that her work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

77.     Defendants failed to properly disclose or apprise Plaintiff of her rights under the New York Labor Law.

78.     Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

79.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

80.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

81.     Neither at the time of their hiring, nor any time thereafter, did Defendants notify Plaintiff in writing of her hourly rate of pay, corresponding overtime rate of pay, and her regularly designated payday, in contravention of New York Labor Law § 195(1).

82.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

83.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff MARCELA CARDOSO, on behalf of herself and all similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)     An award of statutory damages for Defendants' failure to provide wage notices and wage statements pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with

reasonable attorneys' and expert fees; and

(i)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
October 21, 2019

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By:

Giustino (Justin) Cilenti (GC2321)

17

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Marcela Cardoso Mora_ , am an employee currently or

formerly employed by _Studio 34 Hair Salon_ , and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_09 /26_ , 2019

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
LIABILITY FOR SERVICES RENDERED**

TO: Garik Rakhamimov and Nasiba Azizbekova

PLEASE TAKE NOTICE that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Marcela Cardoso and others similarly situated intend to charge you and hold you personally liable as one of the ten largest shareholders of Studio 34 Hair Salon, Inc. and Studio 34 Salon Inc., for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as her attorneys, to make this demand on her behalf.

Dated: New York, New York
      October 21, 2019

                           CILENTI & COOPER, PLLC
                           *Attorneys for Plaintiff*
                           10 Grand Central
                           155 East 44th Street – 6th Floor
                           New York, New York 10017
                           T. (212) 209-3933
                           F. (212) 209-7102

                           By: _____
                               Justin Cilenti