

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCELA CARDOSO, *on behalf of herself and others similarly situated*,

    Plaintiff,

-against-

STUDIO 34 HAIR SALON, INC., et al.,

    Defendants.

19-CV-9684 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

The parties having settled their dispute, including claims brought under the Fair Labor Standards Act (FLSA) and having consented to Judge Moses's authority for all remaining proceedings pursuant to 28 U.S.C. § 636(c);

It is hereby **ORDERED** that all deadlines previously set in this action are vacated.

It is further **ORDERED** that the parties shall submit, no later than **October 7, 2020**: (a) a joint letter demonstrating that their settlement is fair and reasonable and should be approved in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012); (b) a copy of their written settlement agreement, executed by all parties, which will be placed on the public docket, *see Wolinsky*, 900 F. Supp. 2d at 335; and (c) counsel's contingency fee agreement (if any) and time and expense records, to the extent necessary to support any award of attorneys' fees and costs.

The parties are cautioned that "it would be the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit given the policy concerns underlying the FLSA." *Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015). This caution extends to so-called non-disparagement clauses, if such clauses prevent a plaintiff from making truthful statements concerning his employment, the lawsuit

underlying the proposed settlement, or the settlement itself. *See Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.) (non-disparagement clause "must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [his] case") (internal quotation marks omitted; modifications in original).

The parties are further cautioned that courts in this district ordinarily refuse to approve FLSA settlements that include one-way or overbroad general releases. *See, e.g.*, *Lopez v, Poko-St. Ann L.P.*, 2016 WL 1319088, at *2 (S.D.N.Y. Apr. 4, 2016) (Moses, M.J.); *Pinguil v. We Are All Frank, Inc.*, 2018 WL 2538218 (S.D.N.Y. May 21, 2018) (Moses, M.J.).

The parties are further cautioned that this Court's fairness review "extends to the reasonableness of attorneys' fees and costs." *Fisher v. SD Protection, Inc*., 948 F. 3d 593, 606 (2d Cir. 2020). Any proposed award of fees and costs must be memorialized in the written settlement agreement, signed by the parties, and supported by copies of counsel's contingency fee agreement (if any) and time and expense records, properly authenticated. *Id*. at 600. In addition, the Court expects a detailed explanation of the basis for the award. "[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Id.* at 606 (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)) (internal quotation marks omitted).

Dated: New York, New York
September 23, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**