# CILENTI & COOPER, PLLC

### ATTORNEYS AT LAW

10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017

———

Telephone (212) 209-3933
Facsimile (212) 209-7102

October 7, 2020

**BY ECF**

Hon. Barbara Moses, U.S.M.J
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> *Re:* ***Cardoso v. Studio 34 Hair Salon, Inc., et al.***
> ***Case No. 19-CV-9684 (BM)***

Dear Judge Moses,

We are counsel to the plaintiff in the above-referenced matter, and jointly submit this letter with defendants' counsel for the Court's assessment and approval of the settlement agreement ("Agreement") reached between the parties. The Agreement is being submitted contemporaneously with this letter, and the parties respectfully request that the Court approve the Agreement because it represents a fair resolution of plaintiff's claims, which was negotiated at arm's length between experienced counsel.

## I.     *The Need for the Court's Approval of the Agreement*

As plaintiff's action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). The FLSA expressly prohibits settlement of any right to unpaid minimum wages or overtime claims by employees made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. *See* 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to the FLSA's restriction on settlement to include judicially supervised stipulated settlements. *See also D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982); *see also Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 07 Civ. 153, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007).

Hon. Barbara Moses, U.S.M.J.
October 7, 2020
Page 2

## II.  The Parties

### a.  Defendants

Defendants own and operate multiple hair and beauty salons in Manhattan each doing business as "Studio 34 Hair Salon" (the "Hair Salons").

### b.  Plaintiff

Plaintiff, Marcela Cardoso, was hired to work as a receptionist at the Hair Salons from in or about June 2017 until on or about December 17, 2017.  Plaintiff alleges typically working five (5) days per week with a work schedule normally consisting of eleven (11) hours per day Wednesday through Sunday from 9:00 a.m. until 8:00 p.m.

With respect to her pay, plaintiff alleges that she failed to receive any wages for the first two (2) weeks of her employment.  Thereafter, plaintiff alleges that she was paid at the rate of $603 per week ($304.15 by check and the rest in cash) straight time for all hours worked.

## III.  Defendants' Defense/Position

Defendants contend that plaintiff's work hours and, thus her calculated damages, are greatly exaggerated.  According to the defendants, plaintiff's work hours fluctuated greatly each day and week, and that she often failed to work substantially more than forty (40) hours per week.

Defendants additionally maintain that plaintiff always received a one-hour break each day for which she is not entitled to compensation, which should be deducted from plaintiff's damage calculation.

## IV.  Plaintiff's Calculated Damages

Plaintiff calculated that she is owed approximately $5,500 in unpaid minimum wages, overtime compensation, and "spread of hours" premium, with an equal amount in liquidated damages.  Together with statutory damages for the defendants' alleged failure to provide a wage notice and weekly wage statements, the total value of plaintiff's claims amount to approximately $21,100.

## V.  Settlement Amount

As reflected in the attached Agreement, the parties have agreed to settle the case for a total of $11,000 to resolve all of plaintiff's wage and hour claims against the defendants, payable in full within thirty (30) days after the Court approves the terms of the settlement and dismisses the action with prejudice.  We believe this settlement to be a fair resolution to this litigation, due to *bona fide* disputes about plaintiff's claims.

### VI.    The Agreement is Fair and Reasonable

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.,* 900 F. Supp.2d 332, 335 (S.D.N.Y. 2012). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.,* No. 07 Civ. 86, 2008 U.S. Dist. LEXIS 20786, at *2 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, supra,* 679 F.2d at 1354)); *see also In re Penthouse Executive Club Compensation Litig.,* No. 10 Civ. 1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

Here, it is undisputed that this settlement did not result because of "overreaching" by the employer. To the contrary, the settlement was reached as a result of extensive arm's length negotiations between counsel who are well versed in the prosecution and defense of wage and hour actions. Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See Aponte v. Comprehensive Health Management, Inc.,* No. 10 Civ. 4825, 2013 U.S. Dist. LEXIS 47637 at *9 (S.D.N.Y. Apr. 13, 2013).

In light of various disputes discussed above, this settlement should be approved. By settling now, plaintiff receives approximately 130% of her calculated underlying unpaid wages even after attorneys' fees are accounted for, and enables the parties to avoid the risks inherent in any trial.

### VII.    Application for Attorneys' Fees

Pursuant to this firm's retainer agreement with plaintiff, our firm will retain one-third the gross proceeds of the settlement while waiving recuperation of any out-of-pocket expenses. Therefore, plaintiff's counsel seeks $3,666.30 in fees, which is below the firm's lodestar. Attorneys' fees in FLSA settlements are examined to ensure that the interests of plaintiff's counsel in his own compensation did not adversely affect the extent of the relief counsel procured for the clients. *See Wolinsky v. Scholastic,* 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). In this case, plaintiff's counsel fee of one-third is reasonable. Of course, had the case proceeded, assuming plaintiff prevailed, plaintiff's counsel would have made a fee application for much more than the amount currently sought in fees.

While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorneys' contingency fees in excess of 40%. *Id.* at 206. This Agreement contains no such red flags. Moreover, since the *Cheeks* decision, many courts have recognized the "percentage of the fund" method as an appropriate means by which to compensation plaintiff's attorneys in FLSA settlements. *See Velasquez v. Digital Page,* No. 11 Civ. 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (applying one-third of percentage of fund method in approving

Hon. Barbara Moses, U.S.M.J.
October 7, 2020
Page 4

settlement); *see also Hiang v. Chiang*, No. 16 Civ. 1129, 2016 U.S. Dist. LEXIS 142670, at *7-8 (S.D.N.Y. Oct. 14, 2016) (awarding attorneys' fees of one-third of settlement amount in FLSA case); *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15 Civ. 6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorneys' fees in amount of one-third of gross settlement); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of the FLSA settlement amount); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) ("a fee that is one-third of the fund is typical" in FLSA cases).

If the Court were to analyze counsel's fees on a lodestar basis, the Court should still approve the Agreement. Counsel's lodestar is more than the fees requested herein. Cilenti & Cooper, PLLC's requested rates ($400 per hour for lawyers and $100 for paralegal) have previously been approved as reasonable for several years. *Rescalvo v. BTB Events & Celebrations Inc.*, 16 Civ. 7647 (PAE) (S.D.N.Y. Jan. 24, 2018); *Gonzalez, et al. v. Crosstown Diner Corp., et al.;* No. 16 Civ. 2544 (BCM) (S.D.N.Y. 2017); *Sierra v. Skyline Gourmet Deli*, No. 15 Civ. 3319 (SN) (S.D.N.Y. 2016); *Romero v. Lu Woodside Mini Mall, Inc.*, No. 15 Civ. 5030 (PK) (E.D.N.Y. 2016); *Catalan, et al. v. H&H Kim Corp., et al.*, No. 15 Civ. 7443 (DF) (S.D.N.Y. 2016). Attached hereto is a copy of Cilenti & Cooper, PLLC's billing records for work performed on this matter.

For all of the reasons set forth above, the parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

Justin Cilenti

cc: Emre Polat, Esq. (by ECF)