UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCELA CARDOSO, *on behalf of herself and others similarly situated*,

Plaintiff,

-against-

STUDIO 34 HAIR SALON, INC., et al.,

Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/13/20
```

19-CV-9684 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

The Court has received and reviewed the parties' joint letter dated October 7, 2020 (Joint Ltr.) (Dkt. No. 27), seeking approval of the parties' fully-executed Settlement Agreement (Agreement) (Dkt. No. 27-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Studio 34 Hair Salon, Inc., Studio 34 Salon Inc., Garik Rakhamimov, and Nasiba Azizbekova (collectively, "defendants") to pay $11,000.00 to settle this action. Ag. ¶ A(1). Of that sum, $7,333.70 will go to plaintiff Marcela Cardoso in full settlement of her claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), *id*. ¶ A(2), and $3,666.30 will go to plaintiffs' attorneys for their fees. *Id*.; *see also* Joint Ltr. at 3. Plaintiff's counsel do not separately request any expense reimbursement. The $11,000 payment will be made in a single lump sum, due within thirty days of the Court's approval of the Agreement, subject to the receipt by defendants' counsel of various tax forms and "confirmation that [this] Action has been discontinued and/or dismissed." Ag. ¶¶ A(1), A(3).

The Agreement includes a unilateral but limited release, in which plaintiff releases defendants, as well as certain affiliates, from all claims "solely concerning wage and hour matters[.]" Ag. ¶ C(1). The release expressly excludes "any non-wage and hour claims" and "any

claims that may arise after the date Plaintiff signs this Agreement." Ag. ¶ C(2). There is no confidentiality clause or other contractual restriction on any party's ability to speak about the case or its settlement. The proposed attorneys' fee award is equivalent to one-third of the gross settlement and is lower than counsel's lodestar.

Having reviewed the terms of the Agreement, including the award of fees to plaintiffs' counsel, the Court finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the proposed settlement is **APPROVED**.

It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
October 13, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**